## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NELYSKA JOSEFINA VILCHEZ CONTRERAS, )<br><br>Petitioner,[1] )<br><br>v. )<br><br>TODD BLANCHE, et al., )<br><br>Respondents. ) | Case No. CIV-26-00629-JD |

## <u>ORDER</u>

Before the Court is Petitioner Nelyska Josefina Vilchez Contreras's ("Petitioner")
Petition for Writ of Habeas Corpus. [Doc. No. 1]. Respondents filed a Response in
Opposition to the Petition for Habeas Corpus [Doc. No. 7], to which Petitioner filed a
Reply [Doc. No. 8].[2] Upon consideration, the Court DENIES the Petition.

## I.    <u>LEGAL STANDARDS</u>

The writ of habeas corpus is available to those held "in custody in violation of the
Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And
§ 2241(c)(3) generally gives district courts jurisdiction over challenges to the legality of
an alien's detention. *Rasul v. Bush*, 542 U.S. 466, 483 (2004); *see also Soberanes v.
Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are
properly brought directly through habeas.").

---

[1] The Court directs the Clerk of Court to fix the name of Petitioner on the docket.

[2] Citations to the parties' filings use ECF designations from the top of district court
filings for both page numbers and exhibit numbers.

## II.    ANALYSIS

Petitioner raises three grounds for habeas relief: (1) violation of the Due Process Clause of the Fifth Amendment; (2) violation of 8 C.F.R. § 236.1(c); and (3) violation of the Administrative Procedure Act ("APA"). [Doc. No. 1 ¶¶ 28–44]. None of these grounds warrant habeas relief.

Petitioner's claim for violation of the Fifth Amendment's Due Process Clause is foreclosed for the simple reason that she never effected an entry into the United States. [Doc. No. 7-1] (classifying Petitioner as an "arriving alien"). That Petitioner was classified from the outset as "arriving" and subsequently released necessarily means Petitioner was released on humanitarian parole under 8 U.S.C. § 1182(d)(5), as there is no other provision an alien detained under § 1225(b) may be released. *Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018) ("That express exception to detention implies that there are no other circumstances under which aliens detained under § 1225(b) may be released." (emphasis omitted)). That means Petitioner is subject to the entry fiction. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) ("[A]liens who arrive at ports of entry—even those paroled elsewhere in the country for years pending removal—are 'treated' for due process purposes 'as if stopped at the border.'" (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 215 (1953))). And so "an alien in [Petitioner]'s position has only those rights regarding admission that Congress has provided by statute." *Id.* at 140. This collapses Petitioner's due process claim into a statutory one.

Here, 8 U.S.C. § 1225(b)(2)(A) states:

2

> [I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

Petitioner's detention is authorized by that statute because she is an applicant for admission meeting these statutory criteria. [Doc. No. 7-1].

Petitioner argues that *Thuraissigiam* does not mean "DHS may parole an individual" and "re-detain her" years later "without meaningful procedural safeguards." [Doc. No. 8 at 5]. But even putting aside the entry fiction, this argument wrongly assumes Petitioner's detention has no meaningful procedural safeguards. That assumption is belied by the removal statute, 8 U.S.C. § 1229a, which entitles her to both a removal hearing and a right to review by the Board of Immigration Appeals. Moreover, Petitioner's argument that she is not subject to the entry fiction is simply wrong: The entry fiction applies "even [to] those paroled elsewhere in the country for years." *Thuraissigiam*, 591 U.S. at 139.

As to Petitioner's regulatory violation claim, she cites the incorrect provision. [Doc. No. 1 ¶¶ 34–38] (citing 8 C.F.R. § 236.1(c)). The regulatory provision governing revocation of parole under 8 U.S.C. § 1182(d)(5) is 8 C.F.R. § 212.5(e)(2)(i), which provides for revocation when the relevant official determines that "neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States." Petitioner need only be provided "written notice," *id.*, which she received. [Doc. No. 7-5].

Finally, Petitioner's APA claim must be denied. Where a claim "'necessarily impl[ies] the invalidity' of [the petitioner's] confinement," it "fall[s] within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025). This principle is confirmed by the statutory text itself, which precludes an APA claim where there exists an alternate "adequate remedy in a court." 5 U.S.C. § 704. This means an APA challenge is an alternative to habeas, not a ground for it. Because Petitioner brings a constitutional challenge under habeas, her APA claim is unnecessary and must be denied.

## III.   CONCLUSION

For these reasons, the Court DENIES Petitioner's Petition for Writ of Habeas Corpus. [Doc. No. 1]. A separate judgment will follow.

IT IS SO ORDERED this 31st day of May 2026.

_____

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE